tion that the plaintiff was indebted to Barron five hundred pounds, for a purchase in 1774, of all Barron's interest in five thousand acres of land, which sum of five hundred pounds, with the interest, was equal to the credit claimed. Whereas, the plaintiff, had he known of this mistake in the referees, could have made it appear by sufficient evidence that he had satisfied Barron for his part of the above land, and for other land in Bedford county, and of certain sums paid for Barron. The second ground of complaint against the award is, that the referees have given credit to the defendant, as assignee of Barron, who was assignee of Israel Morris; for £758 3s. 4d. due to said Morris; whereas the plaintiff has been informed, and believes, that no assignment was ever made by Morris to Barron; and in fact, Morris has brought a suit against the plaintiff, which is now pending, to recover this very sum of money. To this bill a general demurrer was put in.

Hopkinson & Levy, for plaintiff.
Ingersoll & Lewis, for defendant.

WASHINGTON, Circuit Justice. The reason assigned in the bill for the relief prayed is, that the above omissions to credit the plaintiff, as well as the charge of £758 3s. 4d., are plain and evident mistakes, which a court of equity ought to correct. When these points were argued, on exceptions to the report of the referees, the court laid it down, that plain mistakes might be examined into at law; not only such as appeared upon the face of the award, but such as could be clearly and palpably made out by the proofs laid before the referees, or acknowledged by them. The plaintiff therefore had a complete and adequate remedy on the other side of this court, and either pursued this remedy, ineffectually, or neglected it; in either of which cases, ought a court of equity to interfere, merely upon the ground that these mistakes exist? The plaintiff's counsel seems to have been well aware of this dilemma, and therefore has very prudently attempted to support this as a bill of discovery. But if this be such a bill, so is every bill in equity. It is not pretended that the facts can only be got at, by a disclosure to be forced from the defendant; on the contrary, it is stated, that the accounts on which the plaintiff's two credits are founded, were admitted by the defendant before the referees. There seems to have been no defect of proof before the referees, nor indeed from the nature of the transaction could there well be any, as to the first credit claimed; and if there were a mistake, it must have been, as a stated bill, one which proceeded from error in the judgment of the referees. But this did not appear to be the case, when all the evidence was before the court, on the former occasion. As to the second credit claimed, the bill avers that the plaintiff can prove, by good and sufficient evidence, the facts material to establish it;

as to this, then, a discovery is not required. So too, as to the credit claimed by the plaintiff of £758 3s. 11d., so far from its having been refused, because it was not in the power of the plaintiff to establish it by proof, we must suppose that such proof was laid before the arbitrators, not only because the contrary is not stated, but because the referees are charged with having made a plain mistake in disallowing it: at the same time, should J. Morris recover a judgment against the plaintiff, upon the ground that the assignment to Barron was not made; I will not say that the court ought not, in that case, to relieve the plaintiff. Demurrer allowed, and bill dismissed with costs.

---

## Case No. 6,933.

### HURST v. JONES.

[4 Dall. 353.]

Circuit Court, D. Pennsylvania. May Term, 1801.

EJECTMENT—FORMER SUIT—NON PROS—COSTS—TRIAL.

[This was an action by the lessee of Hurst against Jones.]

A former ejectment, between the same parties, for the same land, had been non pros'd; but the costs of suit remained unpaid. The defendant's counsel objected to the trial of the present ejectment, until the costs of the former were paid.

Mr. Rawle, for plaintiff.
E. Tilghman, for defendant.

BY THE COURT. The objection is reasonable and just. The defendant cannot, under such circumstances, be compelled to proceed to a trial. The cause continued.

[In Case No. 6,934 certain depositions were offered and received upon the trial to prove descent.]

---

## Case No. 6,934.

### HURST v. JONES.

[1 Wall. Jr. Append. iii.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1801.

PEDIGREE—HEARSAY.

1. The contents of affidavits made ex parte several years before to prove pedigree, are admissible as hearsay, even though what was said was in answer to inquiries made by a person interested to obtain a particular answer;—the affidavits having been made, apparently, in compliance with official requirement, and there being no evidence of any actual "controversy" on the subject.

2. The case is somewhat qualified by this circumstance: st.—that it was not quite clear whether the witness swore to the contents of the affidavits, or to conversations which preceded them, and on which they were founded.

In this action of ejectment [which had formerly been continued on account of the

---

[1] [Reported by John William Wallace, Esq.]